**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |
|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> FEDERAL MEDIATION AND CONCILIATION SERVICE, <br><br> *Defendant.* |

Civil Action No. 26-1676 (RDM)

## <u>ORDER</u>

The Initial Scheduling Conference is hereby set for September 23, 2026, at 11:30 a.m. in Courtroom 8.  Counsel who attend must be sufficiently familiar with the case to address all matters that can reasonably be anticipated for discussion and to answer any questions that may arise.  Parties are welcome to attend the Initial Scheduling Conference and all subsequent court proceedings.

In accordance with Local Civil Rule 16.3(a) and Federal Rule of Civil Procedure 26(f)(1), counsel (including any nonprisoner *pro se* party) shall confer at least 21 days prior to the date of the Initial Scheduling Conference to discuss each of the matters identified in Local Civil Rule 16.3(c).  Pursuant to Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f)(2), counsel shall submit to the Court no later than 14 days following their meeting—*i.e.*, no fewer than 7 days prior to the date of the Initial Scheduling Conference—a Joint Report that, among other things:  (1) outlines a detailed discovery plan as described in Federal Rule of Civil Procedure 26(f)(3); (2) addresses all topics listed in Local Civil Rule 16.3(c); and (3) sets forth a

proposed scheduling order.  *See* D.D.C. Civ. R. 16.3(d).  Counsel are also directed to include in their Joint Report a brief statement of the case and the statutory basis for all causes of action and defenses.

In considering a discovery schedule under Local Civil Rule 16.3(c)(8), counsel should be guided by the schedules contained in the Appendix to this Order.  Counsel are also reminded that Federal Rule of Civil Procedure 26(f) requires discussion of issues related to the discovery of electronically stored information, preservation of discoverable information, and claims of privilege or protection of trial-preparation materials, including consideration of whether to seek an order reflecting an agreement of the parties regarding the procedure for asserting such claims after production.  *See* Fed. R. Civ. P. 26(f)(3).

In considering what form of alternative dispute resolution may be most suitable as required by Local Civil Rule 16.3(c)(5), counsel are encouraged to consider mediation, arbitration, early neutral evaluation, and any other form of alternative dispute resolution that can be tailored to the needs of their case.

The parties are reminded of the duty to confer on nondispositive motions, as set out in Local Civil Rule 7(m).  Motions that fail to comply with Rule 7(m) will be denied.

Extensions or enlargements of time will only be granted upon a showing of good cause. Any requests for a continuance or other scheduling change must include alternative dates that have been agreed to by all parties.

Parties are to communicate with the Court by motion, opposition, and reply, not by letter. Inquiries concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Glenda Walker, (202) 354-3036, or if she is unavailable, to the staff person in the Clerk's Office designated as her substitute, and not to chambers.  Chambers personnel will not

handle questions relating to the status or scheduling of any pending motions.  In an emergency,

however, chambers can be reached at (202) 354-3020.

   **SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  July 31, 2026

## **APPENDIX I**

The following discovery schedules represent guidelines generally followed by the Court. Variations may be required in individual cases.  All timeframes are calculated from the date of the initial scheduling conference.

| | **Expedited Cases** | **Standard Cases** | **Complex Cases** |
|---|---|---|---|
| *Initial Disclosures* | 14 days | 30 days | 60 days |
| *Deadline for Post-R. 26(a) Discovery Requests* | 30 days | 45 days | 90 days |
| *Proponent's R. 26(a)(2) Statements* | N/A | 60 days | 120 days |
| *Opponent's R. 26(a)(2) Statements* | N/A | 90 days | 150 days |
| *All discovery closed* | 60 days | 120 days | 180 days |
| *Limits on number of interrogatories per party* | 12 | 25 | 25 |
| *Limits on number of depositions per side* | 3 | 5 | 10 |