# Exhibit 1

FMCS
FEDERAL MEDIATION & CONCILIATION SERVICE

# MEMORANDUM

April 22, 2026

**SUBJECT:** **Aligning Federal Mediation and Conciliation's Arbitration Services with Executive Orders 14251 and 14343**

**FROM:** **Anna Davis, General Counsel** ANNA DAVIS Digitally signed by ANNA DAVIS Date: 2026.04.22 15:12:49 -04'00'

**TO:** **FMCS Arbitration Department**

**Background**

On March 27, 2025, President Trump issued Executive Order 14251, "Exclusions From Federal Labor-Management Relations Programs," 90 Fed. Reg. 14553. On August 8, 2025, President Trump additionally issued Executive Order 14343, "Further Exclusions From the Federal Labor-Management Relations Program," 90 Fed. Reg. 42683. On February 12, 2026, the Office of Personnel Management (OPM) issued supplementary guidance and frequently asked questions on these Executive Orders.

These two Executive Orders (collectively, "the EOs"), as their names suggest, excluded many federal agencies from participating in labor-management relations programs under Chapter 71 of Title 5 and Subchapter X of Chapter 52 of title 22 of the United States Code. This exclusion covers grievance arbitration procedures under 5 U.S.C. § 7121. Notwithstanding pending litigation to date, and consistent with any applicable injunctions, FMCS is bound by the EOs, *Meyer v. Bush*, 981 F. 2d 1288, 1295 n.6 (D.C. Cir. 1993), and the President's national security determination under 5 U.S.C. § 7103(b). FMCS is aware of ongoing litigation concerning the EOs and their effects on federal agencies' abilities to participate in arbitration proceedings pursuant to CBAs.

To ensure compliance with the EOs and FMCS's statutory authority, and for the reasons explained below, FMCS will affirm consent from federal agencies appearing in the EOs before issuing an arbitration panel. Because FMCS cannot provide an arbitration panel in the absence of the parties' mutual consent, if the federal agency does not consent to the arbitration panel, FMCS will hold the request for an arbitration panel in abeyance until further notice.

This policy changes FMCS's approach to issuing arbitration panels to align with all applicable statutory and regulatory requirements, as more fully explained below. While all requests for arbitration panels regarding federal agencies will be submitted by emailing the R-43 form to arbitration@fmcs.gov, for those agencies affected by the EOs, FMCS will seek to affirm the consent of all parties to arbitration proceedings before issuing an arbitration panel. For the agencies affected by the EOs, this guidance document changes FMCS policy to ensure both parties mutually consent to arbitration before assigning an arbitration panel. FMCS's policy of issuing panels with respect to agencies not affected by the EOs remains unchanged.

**FMCS's statute and regulations require the parties' mutual consent to participate in arbitration.**

FMCS exercises its discretionary authority to provide arbitration services to federal agencies under 29 U.S.C. § 173(f). FMCS assists federal agencies in the selection process of an arbitration panel from among FMCS's Roster of Arbitrators. *See id.* FMCS's role in this process is largely ministerial: coordinating the selection of an arbitration panel.

Whether the parties all agree to the arbitration proceeding is a fundamental question that must be affirmatively answered for FMCS to provide services. FMCS's participation in the arbitration panel selection process under 29 U.S.C. § 173(f) is governed by the arbitration provisions of 5 U.S.C. Chapter 5, Subchapter IV, which state, in part, that "[a]n agency may use a dispute resolution proceeding . . . *if the parties agree to such proceeding*." 5 U.S.C. § 572(a) (emphasis added). Thus, the parties' mutual consent to arbitration is a prerequisite for FMCS to exercise its authority to issue an arbitration panel.

FMCS's arbitration service regulation, 29 C.F.R. Part 1404, implementing 29 U.S.C. § 173(f), further emphasizes that the parties' mutual consent is prerequisite to FMCS assigning an arbitration panel. § 1404.2 establishes that FMCS's arbitration services are "voluntary." Additionally, § 1404.9(c) states that "FMCS has no power to: [c]ompel parties to appear before an arbitrator [nor] compel parties to arbitrate any issue."

**FMCS cannot provide an arbitration panel in the absence of a party's consent.**

When an agency invokes an Executive Order as a reason for non-participation during the arbitration panel selection process, the agency has revoked any actual or implied consent to participate in the proceedings. Without an agency's consent, FMCS cannot continue the process of issuing an arbitration panel. Again, "FMCS has no power to . . . compel parties to arbitrate any issue." 29 C.F.R. § 1404.9(c)(3).

FMCS does not derive a party agency's consent from any provision of any CBA governing the relationship between the parties. FMCS does not have statutory authority to determine the validity of the parties' CBA when a party agency invokes an Executive Order, legislation, or other source of law as a reason for non-participation in the arbitration panel selection process. When issuing an arbitration panel, FMCS considers whether both parties consent to the arbitration process at the time the panel request is processed. 5 U.S.C. § 572.

**The public is not harmed by FMCS's decision to hold in abeyance requests for arbitration panels involving agencies specified in Executive Order 14251 and 14343.**

FMCS's decision to hold affected panel requests in abeyance preserves affected parties' reliance interests, as many collective bargaining agreements impose deadlines for requesting an arbitration panel, not the assignment thereof. If this is not the case, parties may submit additional information for consideration to FMCS. Should an agency later consent to arbitration, FMCS will fulfill its role in providing an arbitration panel.


250 E Street SW, Washington, DC 20427 • (202) 606-8100 • www.fmcs.gov

Alternatively, parties retain other avenues to vindicate their interests in the interim. Other arbitration entities remain available to the parties as well as the Federal Labor Relations Authority (FLRA) as discussed below. In any event, even if there are reliance interests at play, because FMCS lacks the legal authority to compel arbitration absent consent of all parties, the fact that one party might have presumed that the other party would have consented to arbitration does not alter FMCS's statutory and regulatory requirements.

Any party that submits a panel request will not be required to resubmit such a request after FMCS's decision to hold the request in abeyance for lack of mutual consent. Thus, the panel request submission date will be preserved, and any timeliness requirements under law or any CBA between the parties will be fulfilled if originally timely filed.

Parties looking to file requests for an arbitration panel where the federal agency is referenced in the EOs have an alternative filing method as provided on FMCS's website. Through this alternative method, parties will not be charged the fee for processing a panel until the time such a request may be processed.

Any allegations that a party failed to comply with any provision of a CBA, including any arbitration provision, may be presented to the FLRA as an unfair labor practice pursuant to 5 U.S.C. § 7116.

In making the decision to hold parties' requests in abeyance, FMCS has carefully considered the parties' reliance interests as discussed above. FMCS has determined that these reliance interests do not invalidate or rebut FMCS's decision to hold arbitration panel requests in abeyance for lack of mutual consent. However, to the extent there are other reliance interests or circumstances not specified in this document, FMCS will consider other specific reliance interests or circumstances submitted via email to arbitration@fmcs.gov. Requests will be evaluated on a case-by-case basis by attorneys in FMCS's Office of General Counsel.

In addition, members of the public can petition for withdrawal of modification of this guidance document by filing a petition with the FMCS Office of General counsel, ogc@fmcs.gov.


250 E Street SW, Washington, DC 20427 • (202) 606-8100 • www.fmcs.gov